Zimmerman, J.,
 

 dissenting. As I view this matter, the electors of Belmont county were not accorded a fair opportunity to express their choice of a person to fill the office of county engineer at the general election on November 5, 1946. They were, in effect, denied that right and were grossly misled.
 

 No information was forthcoming from any official source, or by newspaper or other medium of communication, that the office of county engineer was to be voted on at such election.
 

 The-words, “county engineer,” did not appear on the ballots and no place or space was anywhere provided on the ballots, where the name of a person to fill that office could be written.
 

 
 *691
 
 Each of those voters, who designated Shriver, the relator, for county engineer, did so by writing in lead pencil the title of the office, with Shriver’s name below and with an X in front of it. In nearly every instance this was done on the narrow bottom-margin of the ballot and not on the ballot proper.
 

 Out of some 30,000 votes cast, in Belmont county at the general election in 1946, only 56 of them at the most were marked in such a way that they could be counted for the relator. I have inspected with care and interest those ballots on which relator’s name was written and marked and which were counted for him. Such inspection clearly demonstrates to me that on a number of such ballots the same hand wrote and marked relator’s name.
 

 An examination of Sections 4785-166 and 4785-167, General Code, will demonstrate that no proceeding to contest such purported election could have been brought by anyone excepting those who wrote in relator’s name; no one voted against the relator and there was no defeated candidate.
 

 Under the circumstances narrated, the attempted election of a county engineer on November 5, 1946, was a farce, and the upholding of the validity of such an attempt amounts to a constructive fraud, at least, on the vast body of the electors of Belmont county.
 

 Since the electors of Belmont county were without any direct notice or knowledge that the office of county engineer was to be filled, because those who went to the polls were given ballots which did not even suggest that such office was involved, and since such ballots provided no space for a “write-in” vote, I think the principle applied in the case of
 
 Foster
 
 v. Scarff, 15 Ohio St., 532, ought to be applied in the present case. There, for lack of the prescribed notice,
 
 *692
 
 the attempted election of a probate judge was held to be irregular and invalid.
 

 In the course of the opinion in that case it was said :•
 

 “The Constitution, and the legislation under it,, recognize the policy of notice to electors other than that which arises from mere legal presumption. And the right of no man is hereby invaded; for no man has a right to filch an office through the medium of a surprise upon the great body of the electors. * * *
 

 “Here then was an election held without notice to the body of the electors of • Logan county, without notice such as the laws prescribe, and without notice in fact from any other source whatsoever. And, for this reason, and irrespective of any circumstances of' concealment and stratagem, on the part of the few electors who did vote* which appear in the record, we are of the opinion, that the election, as to probate judge, was irregular and invalid.”
 

 I am of the opinion that the attempted election of' relator as county engineer was irregular and invalid and that the writ as prayed for should be denied.
 

 Sohngen, J., concurs in the foregoing dissenting-opinion.